ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 7, 2011

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Cadena-Reeves Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. GA-0840

Re: Whether an individual may simultaneously serve as the Director of Judicial Support Services for Bexar County and as a visiting statutory county court judge in that county (RQ-0909-GA)

Dear Ms. Reed:

You ask whether an individual may simultaneously serve as the Director of Judicial Support Services for Bexar County and as a visiting statutory county court judge in that county.[1]

You explain that, in 2009, the Bexar County Commissioners Court created the position of Director of Judicial Support Services "to assist the Commissioners Court in creating a more efficient criminal justice system with the goal of reducing the Bexar County jail population." Request Letter at 1. Moreover, the "job description also includes the duty of assisting the regional presiding judge by accepting assignments to the Bexar County Courts." Id. You state that the commissioners court has employed a particular retired statutory county court judge for the position of director. Id. at 2. You inquire whether that individual may simultaneously serve both as the director and as a visiting statutory county court judge. Id. at 5.

Article XVI, section 40 of the Texas Constitution prohibits a person from simultaneously holding more than one "civil office of emolument." TEX. CONST. art. XVI, § 40. As you note, the position of director is an "employment" rather than an "office."[2] Request Letter at 2–3. Because the director does not as such hold a public office, he is not prohibited by article XVI, section 40 from simultaneously holding the position of visiting judge.

---

[1]Request Letter (available at http://www.texasattorneygeneral.gov).

[2]The Texas Supreme Court has declared that "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." Aldine Indep. Sch. Dist. v. Standley, 280 S.W.2d 578, 583 (Tex. 1955).

We must also consider the possible applicability of the common-law doctrine of incompatibility to your question. That doctrine acts to prevent conflicts in three situations: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0766 (2010) at 1. Neither self-appointment nor self-employment is applicable in the situation you pose, because the commissioners court, rather than the visiting judge, both appoints and employs the director. Likewise, the regional presiding judge, rather than the director, appoints the visiting judge, and the commissioners court, as the administrative arm of the county, serves as his employer.

Conflicting loyalties incompatibility "prohibits an individual from simultaneously holding two positions that would prevent him . . . from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2. It is now well established that, in order for conflicting loyalties incompatibility to apply, each position must constitute an "office." Tex. Att'y Gen. Op. Nos. GA-0766 (2010) at 1–2, GA-0538 (2007) at 2, GA-0402 (2006) at 2, GA-0393 (2006) at 3. Because, as we have indicated, the position of director is not an "office," it follows that conflicting loyalties incompatibility is not a bar to the simultaneous service at issue here.

Because you inquire about the legal validity of a judge's service, we note that questions regarding the ethical propriety of the issue you raise should be addressed to the State Commission on Judicial Conduct. *See* Tex. Att'y Gen. Op. No. GA-0651 (2008) at 6.[3]

---

[3]In an official statement issued in 2000, the Commission observed that, under the Code of Judicial Conduct, "an act that is legal is not necessarily an act that is ethical." *See* STATE COMM'N ON JUDICIAL CONDUCT, PUBLIC STATEMENT No. PS-2000-1 (Mar. 24, 2000), *available at* http://www.scjc.state.tx.us/pdf/ps/PS-2000-1.pdf (last visited Jan. 31, 2011).

**S U M M A R Y**

Neither article XVI, section 40 of the Texas Constitution nor the common-law doctrine of incompatibility prohibit an individual from simultaneously serving as a visiting statutory county court judge in Bexar County and as Director of Judicial Support Services for Bexar County.  The Texas Commission on Judicial Conduct is responsible for determining whether such simultaneous service implicates the Code of Judicial Conduct.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee